**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

DAVID SCOTT FARNEN,

      Petitioner,                Civil No. 2:13-CV-14434
                                HONORABLE GERALD E. ROSEN
v.                           CHIEF UNITED STATES DISTRICT JUDGE

JEFF LARSON,

      Respondent,
_____/

## OPINION AND ORDER SUMMARILY DENYING THE PETITION FOR WRIT OF HABEAS CORPUS AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY OR LEAVE TO APPEAL *IN FORMA PAUPERIS*

David Scott Farnen, ("petitioner"), confined at the Central Michigan Correctional Facility in St. Louis, Michigan, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, in which he challenges his conviction and sentence for first-degree home invasion, M.C.L.A. 750.110A(2); wearing body armor during the commission of a crime, M.C.L.A. 750.227f; and possession of a firearm in the commission of a felony [felony-firearm], M.C.L.A. 750.227b.   For the reasons stated below, the petition for writ of habeas corpus is **SUMMARILY DENIED WITH PREJUDICE.**

### I. Background

Petitioner pleaded guilty to the above offenses in the St. Clair County Circuit Court. In exchange for his guilty plea, the St. Clair County Prosecutor dismissed two counts of assault with intent to rob while armed, one count of felon in possession of a firearm, and a supplemental information charging petitioner with being a third felony habitual offender.

Prior to sentencing, petitioner's trial counsel filed objections to the scoring of the

1

sentencing guidelines. [1]  As part of his objections, trial counsel objected to the assessment of fifty points against petitioner under Offense Variable (OV) 7 for terrorism. [2]  At a hearing conducted on the scoring of the sentencing guidelines, counsel again objected to the scoring of fifty points against petitioner under OV 7 for terrorism, contending that the facts of the case did not support a finding of terrorism. (Tr. 4/10/2000, pp. 9-12). [3]  The trial judge overruled counsel's objections, finding that OV 7 had properly been scored at fifty points for terrorism. (*Id.,* pp. 13-14).

Petitioner was sentenced on April 24, 2000 to eleven years, six months to twenty years on the home invasion conviction, one year, six months to four years on the body armor conviction, and two years on the felony-firearm conviction.

Petitioner, through appellate counsel, filed a motion to withdraw the guilty plea, which was denied. *People v. Farnen,* No. 99-003010-FC (St. Clair County Circuit Court, March 16, 2001). [4]

Petitioner subsequently filed a delayed application for leave to appeal through appellate counsel, in which he raised a claim that the trial court improperly scored petitioner fifty points under OV 7 for terrorism and that trial counsel had been ineffective for informing petitioner that the court and the prosecutor had agreed to a seven year sentence agreement.  The Michigan appellate courts denied petitioner's appeal. *People v. Farnen,*

---

[1]  *See* Petitioner's Attachment E.

[2]  Petitioner's trial counsel mistakenly referred to this in his written objections as PRV (prior record variable) 7.  However, a review of counsel's argument clearly shows that he was objecting to the scoring of fifty points under Offense Variable 7 for terrorism.

[3]  *See* Petitioner's Attachment D.

[4]  *See* Petitioner's Attachment L.

No. 233395 (Mich.Ct.App. May 3, 2001); *lv. den.* 465 Mich. 895, 635 N.W.2d 319 (2001).

In 2011, petitioner filed a motion to vacate sentence under M.C.L.A. 770.1, in which he asked the trial court to resentence him without assessing him points under OV 7 for terrorism. The trial judge denied petitioner relief, noting that M.C.L.A. 770.1 applies only to the granting of a new trial, which would be inapplicable to petitioner because he pleaded guilty. The judge further noted that petitioner had already exhausted his direct appeal process and that M.C.R. 6.500 is the exclusive post-appeal remedy in Michigan for a defendant who has exhausted his direct appeals. Because petitioner was not seeking resentencing under M.C.R. 6.500, the trial court concluded that he could not grant petitioner relief. *People v. Farnen,* No. 99-003010-FC (St. Clair County Circuit Court, March 22, 2011).[5] Petitioner's subsequent appeal to the Michigan Court of Appeals was rejected on the ground that petitioner was prohibited by M.C.R. 6.502(G)(1) from appealing from the denial of a successive post-conviction motion. *People v. Farnen,* No. 306121 (Mich.Ct.App. November 1, 2011).[6] The Michigan Supreme Court subsequently denied petitioner leave to appeal because the court did not believe "that the questions presented should be reviewed by this Court." *People v. Farnen,* 492 Mich. 852, 817 N.W.2d 76 (2012); *reconsideration den.* 493 Mich. 872, 821 N.W.2d 541 (2012).

Petitioner now seeks a writ of habeas corpus on the following grounds:

I. Whether the interests of justice standard of Michigan Complied Laws, MCL 770.1 and 770.2 permit [the state] courts to grant a delayed motion for a new trial [resentencing] at any time in the interests of justice, and whether substantive right controls in petitioner's case over procedural rules contained

---

[5] *See* Petitioner's Attachment M.

[6] *See* Petitioner's Attachment O.

3

in MCR 6.500 et seq, limiting post-conviction [relief] to cases which a criminal defendant must demonstrate cause [or actual innocence] and actual prejudice?

II.  Whether the trial court's scoring of 50 points for terrorism (OV 7) deprived petitioner his due process right, Mi Const. 1963, Art. 1, § 17, U.S. Const. Am XIV, to be sentenced on accurate information?

III.  Whether petitioner was denied the constitutional right to effective assistance of counsel, Mi Const. 1963, Art. 1, § 20, US Const. Am VI, at a time prior to and during sentencing when trial counsel inadequately challenged the basis of the trial court's scoring of 50 points for terrorism, where trial counsel used metaphoric arguments?

IV.  Whether petitioner was denied the constitutional right to effective assistance of counsel, Mi Const. 1963, Art. 1, § 20, during petitioner's first tier appellate review?

## II.  Discussion

A petition for a writ of habeas corpus must set forth facts that give rise to a cause of action under federal law or it may summarily be dismissed. *See Perez v. Hemingway,* 157 F. Supp. 2d 790, 796 (E.D. Mich. 2001).  Federal courts are also authorized to dismiss any habeas petition that appears legally insufficient on its face. *McFarland v. Scott,* 512 U.S. 849, 856 (1994).  A federal district court is authorized to summarily dismiss a habeas corpus petition if it plainly appears from the face of the petition or the exhibits that are attached to it that the petitioner is not entitled to federal habeas relief. *See Carson v. Burke,* 178 F. 3d 434, 436 (6th Cir. 1999); Rules Governing § 2254 Cases, Rule 4, 28 U.S.C. foll. § 2254.  The Sixth Circuit, in fact, long ago indicated that they "disapprove the practice of issuing a show cause order [to the respondent] until after the District Court first has made a careful examination of the petition." *Allen v. Perini,* 424 F. 3d 134, 140 (6th Cir. 1970).  A district court therefore has the duty to screen out any habeas corpus petition which lacks merit on its face. *Id.* at 141.  No return to a habeas petition is necessary when the petition

4

is frivolous, or obviously lacks merit, or where the necessary facts can be determined from the petition itself without consideration of a return by the state. *Id.*

After undertaking the review required by Rule 4, this Court concludes, for reasons stated in greater detail below, that petitioner's claim involving the allegedly improper denial of his state post-conviction motion fails to state a claim upon which habeas relief can be granted, thus, the petition shall be summarily dismissed pursuant to Rule 4 of the Rules Governing § 2254 Cases. *See e.g. Spradley v. Dugger,* 825 F. 2d 1566, 1568 (11th Cir. 1987). This Court likewise concludes that petitioner's sentencing claim does not entitle him to habeas relief, such that the petition must be summarily denied. *See McIntosh v. Booker,* 300 F. Supp. 2d 498, 499 (E.D. Mich. 2004). This Court finally concludes that petitioner's ineffective assistance of counsel claims are meritless, such that the petition must be summarily denied. *See e.g.Mathews v. United States,* 11 F. 3d 583, 585 (6th Cir. 1993)(affirming the summary dismissal of an ineffective assistance of counsel claim raised in a § 2255 motion to vacate sentence pursuant to Rule 4, where there was no merit to the claim).

### III.  Discussion

**A.  Claim # 1.  The claim involving the improper denial of petitioner's post-conviction motion.**

Petitioner first argues that the state trial court improperly denied his post-conviction motion for re-sentencing by concluding that M.C.L. 770.1, the statute that petitioner had brought the motion under, was inapplicable to petitioner's request for re-sentencing and by further ruling that M.C.R. 6.500, *et. Seq.,* provides the exclusive post-conviction remedy for criminal defendants in Michigan. Petitioner further appears to argue that the Michigan

5

Court of Appeals deprived him of due process by dismissing his post-conviction appeal pursuant to M.C.R. 6.502(G) under the erroneous finding that this was petitioner's second post-conviction motion.

M.C.R. 6.501 states that unless otherwise specified, a judgment of conviction and sentence entered by the circuit or Recorder's court that is not subject to appellate review under subchapters 7.200 or 7.300 may be reviewed only in accordance with the provisions of this subchapter. When petitioner filed his motion for re-sentencing, he had already completed his direct appeal. Under M.C.R. 7.205(F)(2), a criminal defendant in Michigan is limited to a single appeal by right or leave from a conviction. *See People v. Jackson,* 465 Mich. 390, 396; 633 N.W. 2d 825 (2001). Petitioner's motion to vacate sentence thus had to be considered a post-conviction motion. Under Michigan law, regardless of its characterization, a postappeal motion brought by a criminal defendant in Michigan is reviewable only as a motion for relief from judgment brought pursuant to M.C.R. 6.500, *et. seq.* See *People v. Kincade,* 206 Mich. App. 477, 482; 522 N.W. 2d 880 (1994); *See also Hudson v. Martin,* 68 F. Supp. 2d 798, 800 (E.D. Mich. 1999). The trial court thus did not err in treating petitioner's motion for re-sentencing as a motion for relief from judgment brought pursuant to M.C.R. 6.500, *et. Seq.*

In any event, any error by the trial court or by the Michigan appellate courts in their treatment of petitioner's post-conviction motion would not entitle petitioner to habeas relief. This Court notes that "[t]he Sixth Circuit has consistently held that errors in post-conviction proceedings are outside the scope of federal habeas corpus review." *Cress v. Palmer,* 484 F. 3d 844, 853 (6th Cir. 2007). Thus, a federal habeas corpus petition cannot be used to mount a challenge to a state's scheme of post-conviction relief. *See Greer v. Mitchell,* 264

6

F. 3d 663, 681 (6th Cir. 2001).  The reason for this is that the states have no constitutional obligation to provide post-conviction remedies.  *Id.* (citing to *Pennsylvania v. Finley,* 481 U.S. 551, 557 (1987)).  Challenges to state collateral post-conviction proceedings "cannot be brought under the federal habeas corpus provision, 28 U.S.C. § 2254," because "'the essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and ... the traditional function of the writ is to secure release from illegal custody.'" *Kirby v. Dutton*, 794 F. 2d 245, 246 (6th Cir. 1986)*(quoting Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973)).  "A due process claim related to collateral post-conviction proceedings, even if resolved in a petitioner's favor, would not 'result [in] ... release or a reduction in ... time to be served or in any other way affect his detention because we would not be reviewing any matter directly pertaining to his detention.'" *Cress,* 484 F. 3d at 853 (*quoting Kirby*, 794 F. 2d at 247).  Thus, the "'scope of the writ'" does not encompass a "'second tier of complaints about deficiencies in state post-conviction proceedings.'" *Cress*, 484 F. 3d at 853 (*quoting Kirby*, 794 F.2d at 248).  "[T]he writ is not the proper means to challenge collateral matters as opposed to the underlying state conviction giving rise to the prisoner's incarceration." *Id.* (internal quotations omitted).  Thus, any deficiencies in petitioner's state post-conviction proceedings would not entitle petitioner to habeas relief.  Petitioner is not entitled to habeas relief on his first claim.

### B.  Claim # 2.  The sentencing guidelines claim.

Petitioner next contends that the trial court incorrectly assessed fifty points against him under OV 7 of the Michigan Sentencing Guidelines for terrorism.

State courts are the final arbiters of state law. *See Bradshaw v. Richey,* 546 U.S. 74,

76 (2005); *Sanford v. Yukins,* 288 F.3d 855, 860 (6th Cir. 2002). Therefore, claims which arise out of a state trial court's sentencing decision are not normally cognizable on federal habeas review, unless the habeas petitioner can show that the sentence imposed exceeded the statutory limits or is wholly unauthorized by law. *See Vliet v. Renico,* 193 F. Supp. 2d 1010, 1014 (E.D. Mich. 2002). Thus, a sentence imposed within the statutory limits is not generally subject to habeas review. *Townsend v. Burke*, 334 U.S. 736, 741 (1948); *Cook v. Stegall*, 56 F. Supp. 2d 788, 797 (E.D. Mich. 1999).

Petitioner's claim that the state trial court incorrectly scored or calculated his sentencing guidelines range under the Michigan Sentencing Guidelines is not a cognizable claim for federal habeas review, because it is basically a state law claim. *See Tironi v. Birkett*, 252 Fed. Appx. 724, 725 (6th Cir. 2007)*; Howard v. White,* 76 Fed. Appx. 52, 53 (6th Cir. 2003); *See also Coy v. Renico,* 414 F. Supp. 2d 744, 780 (E.D. Mich. 2006). Petitioner had "no state-created interest in having the Michigan Sentencing Guidelines applied rigidly in determining his sentence." *See Mitchell v. Vasbinder,* 644 F. Supp. 2d 846, 867 (E.D. Mich. 2009). "[I]n short, petitioner had no federal constitutional right to be sentenced within Michigan's guideline minimum sentence recommendations." *Doyle v. Scutt,* 347 F. Supp. 2d 474, 485 (E.D. Mich. 2004). Any error by the trial court in calculating his guideline score would not merit habeas relief. *Id.* Petitioner's claim that the state trial court improperly departed above the correct sentencing guidelines range would thus not entitle him to habeas relief, because such a departure does not violate any of the petitioner's federal due process rights. *Austin v. Jackson*, 213 F. 3d 298, 301 (6th Cir. 2000). Petitioner is not entitled to habeas relief on his second claim.

**C. Claims # 3 and # 4.  The ineffective assistance of counsel claims.**

8

In his third and fourth claims, petitioner alleges that he was denied the effective assistance of trial and appellate counsel.

To show that he was denied the effective assistance of counsel under federal constitutional standards, a defendant must satisfy a two prong test.  First, the defendant must demonstrate that, considering all of the circumstances, counsel's performance was so deficient that the attorney was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  In so doing, the defendant must overcome a strong presumption that counsel's behavior lies within the wide range of reasonable professional assistance. *Id.*  In other words, petitioner must overcome the presumption that, under the circumstances, the challenged action might be sound trial strategy. *Strickland,* 466 U.S. at 689.  Second, the defendant must show that such performance prejudiced his defense. *Id.*  To demonstrate prejudice, the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694.  "*Strickland*'s test for prejudice is a demanding one. 'The likelihood of a different result must be substantial, not just conceivable.'" *Storey v. Vasbinder*, 657 F.3d 372, 379 (6th Cir. 2011)(*quoting Harrington v. Richter*, 131 S. Ct. 770, 792 (2011)).  The Supreme Court's holding in *Strickland* places the burden on the defendant who raises a claim of ineffective assistance of counsel, and not the state, to show a reasonable probability that the result of the proceeding would have been different, but for counsel's allegedly deficient performance. *See Wong v. Belmontes*, 558 U.S. 15, 27 (2009).  The *Strickland* standard applies as well to claims of ineffective assistance of appellate counsel. *See Whiting v. Burt,* 395 F. 3d 602, 617 (6th Cir. 2005).

9

In his third claim, petitioner contends that his trial counsel was ineffective for failing to effectively challenge the pre-sentence investigator's assessment of fifty points under OV 7 of the Michigan Sentencing Guidelines for terrorism. Although acknowledging that trial counsel filed objections to the scoring of this offense variable prior to sentencing and argued against the scoring of fifty points for terrorism at a pre-sentencing hearing, petitioner nonetheless claims that trial counsel was ineffective for failing to challenge what he claims to be a misrepresentation of the facts surrounding the offense by the pre-sentence investigator and the prosecutor concerning the nature of the threats made to the woman victim and her children which petitioner claims were used by the judge to uphold the scoring of fifty points under OV 7 for terrorism.

A right to the effective assistance of counsel exists during sentencing in both noncapital and capital cases. *See Lafler v. Cooper*, 132 S. Ct. 1376, 1385-86 (2012). Although sentencing does not involve a criminal defendant's guilt or innocence, "ineffective assistance of counsel during a sentencing hearing can result in *Strickland* prejudice because 'any amount of [additional] jail time has Sixth Amendment significance.'" *Lafler,* 132 S. Ct. at 1386 (*quoting Glover v. United States*, 531 U.S. 198, 203 (2001)).

Petitioner claims that trial counsel was ineffective in his method of challenging the scoring of OV 7 because he relied simply on "metaphoric arguments" to challenge the scoring of the offense variable. Petitioner argues that trial counsel should have challenged the pre-sentence investigator's "slant on the evidence" when she stated in her pre-sentence investigator's report that "The perpetrator [petitioner] asked the female victim if she loved her kids, and when she stated 'Yes', he stated that if she ever wanted to see them again, she should show him where the guns and money were." Petitioner claims that the pre-

10

sentence investigator's statement implies that petitioner intended to threaten the lives of the female victim and her children if they did not cooperate. Petitioner further notes that the prosecutor at the pre-sentencing hearing stated that the female victim and her children had been threatened by petitioner. Petitioner contends that these statements are misleading because petitioner and his co-defendant had dressed up as Drug Enforcement Agency (DEA) agents and that when petitioner made the statement to the female victim about wanting to see her children again, he was merely suggesting, under the guise of being a DEA agent, that the children would be taken away from the female victim if she did not cooperate.

The Court notes that in the objections to the scoring of the sentencing guidelines, trial counsel indicated that to be scored points for terrorism under OV 7, the defendant's conduct must have been "designed to 'substantially increase the fear and anxiety a victim suffers during the offense.'" Counsel further noted that petitioner attempted to steal illegal drugs and money from the victims but that petitioner's activity was not done "above that purposes to 'substantially' increase the fear and anxiety the victims suffered during the offense." [7] At the hearing on the objections to the scoring of the sentencing guidelines, counsel argued extensively against the assessment of fifty points against petitioner under OV 7 for terrorism. Although acknowledging that crimes involving assaults with a weapon are designed to put someone in fear, counsel noted that the weapons were not discharged by petitioner nor was there other egregious behavior on his behalf. Counsel indicated that petitioner did nothing beyond trying to take money and/or drugs away from the victims.

---

[7] *See* Objections to Scoring, p. 2, ¶¶ 3 and 4.

11

Counsel further pointed out that terrorism was defined in Black's Law Dictionary as involving an act that is "violent" or "dangerous to human life" and is intended "to intimidate or coerce a civilian population" or influence government policy by intimidation, coercion, assassination, or kidnapping. Counsel argued that petitioner's actions did not fall within this definition of terrorism. (Tr. 4/10/2000, pp. 9-12). The prosecutor responded that terrorism was appropriately scored because the male victim in this case was "flex cuffed," a gun was pointed at his head, and he was taken to a field and made to lie on the ground. The prosecutor also indicated that the female victim and the children had been threatened. (*Id.,* p. 13). The trial judge rejected defense counsel's objections, finding that "the family that was confronted under these circumstances in the fashion that it did" properly allowed for the scoring of fifty points under OV 7 for terrorism. (*Id.,* pp. 13-14).

In the present case, trial counsel's method of challenging the pre-sentence investigation report's scoring of fifty points under OV 7 for terrorism by arguing that petitioner's activities were not designed to substantially increase the fear and anxiety that the victims felt during the offense and that his actions did not compare to real acts of terrorism fell within the wide range of reasonable professional assistance, and therefore did not constitute deficient performance in support of an ineffective assistance claim. *See Harrington v. U.S.,* 489 Fed. Appx. 50, 55 and n. 1 (6th Cir. 2012). Moreover, even if counsel should have argued that the female victim and the children were under no threat of imminent physical harm, petitioner is unable to show that he was prejudiced by counsel's method of challenging the scoring of OV 7. *Id.,* at 56. In replying to trial counsel's objections, the prosecutor relied not just on threats made to the female victim and children to score fifty points under OV 7 for terrorism, but also noted that the male victim had been

12

placed in flex cuffs, had a gun pointed to his head, and had been taken to a field and made to lie on the ground. The trial judge, in rejecting petitioner's objection to the scoring of fifty points under OV 7, pointed to the fact that the entire family had been subjected to acts that he deemed sufficient to constitute terrorism. Moreover, petitioner fails to offer any convincing argument on how threats to merely take away a person's children from them during an armed robbery while done under the guise of a police raid would not increase that person's fear and anxiety beyond what was necessary to effectuate the crime.

In this case, because the trial judge concluded that there was a factual basis for the scoring of the various offense variables under Michigan's Sentencing Guidelines, and the Michigan appellate courts upheld this ruling on petitioner's direct appeal, petitioner is unable to show that he was prejudiced by his counsel's purported ineffectiveness in failing to object in a different manner to the scoring of his sentencing guidelines. *See Coleman v. Curtin*, 425 Fed. Appx. 483, 485 (6th Cir. 2011). Petitioner has offered no evidence to show that the state trial court judge would have been inclined to impose a lesser sentence, thus, he is unable to show that he was prejudiced by his counsel's purported ineffectiveness in failing to properly object to the scoring of his sentencing guidelines. *See Spencer v. Booker*, 254 Fed. Appx. 520, 525-26 (6th Cir. 2007). Petitioner is not entitled to habeas relief on his third claim.

In his fourth claim, petitioner contends that he was deprived of the effective assistance of appellate counsel.

Petitioner initially contends that appellate counsel was ineffective for failing to raise trial counsel's ineffectiveness regarding trial counsel's failure to properly challenge the scoring of OV 7 of the Michigan Sentencing Guidelines. The Sixth Amendment guarantees

13

a defendant the right to the effective assistance of counsel on direct appeal. *Evitts v. Lucey*, 469 U.S. 387, 396-397 (1985).   However, court appointed counsel does not have a constitutional duty to raise every nonfrivolous issue requested by a defendant. *Jones v. Barnes*, 463 U.S. 745, 751 (1983).   This Court has already determined that petitioner's ineffective assistance of trial counsel claim is without merit.   "[A]ppellate counsel cannot be found to be ineffective for 'failure to raise an issue that lacks merit.'" *Shaneberger v. Jones*, 615 F. 3d 448, 452 (6th Cir. 2010)(*quoting Greer v. Mitchell*, 264 F.3d at 676).   Because petitioner's third claim was not meritorious, appellate counsel was not ineffective in his handling of petitioner's direct appeal.

Petitioner further claims that appellate counsel was ineffective for failing to advise petitioner that he could file his own *pro per* supplemental appeal brief in addition to the brief filed by petitioner's appellate counsel on his direct appeal.

A criminal defendant has no federal constitutional right to self-representation on direct appeal from a criminal conviction. *Martinez v. Court of Appeal of California,* 528 U.S. 152, 163 (2000).   This is because the rights protected by the Sixth Amendment, including the right to self-representation, are rights that are available to prepare for trial and at the trial itself.   However, the Sixth Amendment does not include any right to appeal. *Id.* at 160. The Supreme Court also rejected the idea that the right to self-representation on appeal could be grounded in the Due Process Clause [of the Fourteenth Amendment], because "[U]nder the practices that prevail in the Nation today, however, we are entirely unpersuaded that the risk of either disloyalty or suspicion of disloyalty is a sufficient concern to conclude that a constitutional right of self- representation is a necessary component of a fair appellate proceeding." *Martinez,* 528 U.S. at 161.   There is no

14

constitutional entitlement to submit a *pro se* appellate brief on direct appeal from a criminal conviction in addition to a brief submitted by appellate counsel. *See McMeans v. Brigano,* 228 F. 3d 674, 684 (6th Cir. 2000). By accepting the assistance of counsel, the criminal appellant waives his right to present *pro se* briefs on direct appeal. *Myers v. Johnson*, 76 F. 3d 1330, 1335 (5th Cir. 1996); *See also Henderson v. Collins,* 101 F. Supp. 2d 866, 881 (S.D. Ohio 1999); *aff'd in part, vacated in part on other grds* 262 F. 3d 615 (6th Cir. 2001)(defendant who was represented by counsel and also sought to submit *pro se* brief upon appeal did not have right to such hybrid representation). Thus, any failure by appellate counsel to submit any *pro se* briefs on behalf of petitioner or advise petitioner of his right to file a *pro se* brief on appeal does not present a constitutional question. Petitioner is not entitled to habeas relief on his fourth claim.

### D. The motion to expand the record.

Petitioner has filed a request to expand the record. In light of the fact that this Court has determined that petitioner's claims are without merit, it would be futile to expand the record. Accordingly, petitioner's motion to expand the record is denied. *See Harris v. Warden, Chillicothe Correctional Inst.,* 832 F. Supp. 2d 873, 892 (S.D. Ohio 2011).

### E. The motion for appointment of counsel.

Petitioner has also filed a motion for the appointment of counsel. The Court will also deny petitioner's motion for the appointment of counsel. There is no constitutional right to counsel in habeas proceedings. *Cobas v. Burgess,* 306 F. 3d 441, 444 (6th Cir. 2002). Because petitioner's claims lack any merit, the Court will deny petitioner's request for the appointment of counsel. *See Lemeshko v. Wrona*, 325 F. Supp. 2d 778, 788 (E.D. Mich. 2004).

### III.  Conclusion

The Court will deny the petition for writ of habeas corpus.  The Court will also deny a certificate of appealability to petitioner.  In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).  To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).  When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484.  "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254;  *See also Strayhorn v. Booker,* 718 F. Supp. 2d 846, 875 (E.D. Mich. 2010).

.      For the reasons stated in this opinion, the Court will deny petitioner a certificate of appealability because he has failed to make a substantial showing of the denial of a federal constitutional right. *See also Millender v. Adams,* 187 F. Supp. 2d 852, 880 (E.D. Mich. 2002).  The Court will also deny petitioner leave to appeal *in forma pauperis*, because the appeal would be frivolous. *See Allen v. Stovall,* 156 F. Supp. 2d 791, 798 (E.D. Mich. 2001).

### IV. <u>ORDER</u>

Based upon the foregoing, IT IS ORDERED that the petition for a writ of habeas

corpus is **DENIED WITH PREJUDICE.**

IT IS FURTHER ORDERED that the motions to expand the record [Dkt. # 3] and

for the appointment of counsel [Dkt. # 4] are **DENIED**.

IT IS FURTHER ORDERED That a certificate of appealability is **DENIED.**

IT IS FURTHER ORDERED That petitioner will be **DENIED** leave to appeal *in*

*forma pauperis*.


s/Gerald E. Rosen_____
Chief Judge, United States District Court

Dated:  November 12, 2013

I hereby certify that a copy of the foregoing document was served upon the parties
and/or counsel of record on November 12, 2013, by electronic and/or ordinary mail.

s/Julie Owens_____
Case Manager, (313) 234-5135